HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN FRUNZ,

    Plaintiff,

v.

TPD OFFICER ALAN MORRIS, in his individual capacity; TPD OFFICER DAVID ALRED, in his individual capacity; and TPD SGT. GARY STRIL, in his individual capacity,

    Defendants.

Case No. C03-5709 RBL

FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988.

Having considered the entirety of the records and file herein, the Court enters the following:

**FINDINGS OF FACT**

1. This 42 U.S.C. § 1983 case was tried to a jury on March 21, 2005 through March 24, 2005. The jury returned a verdict in favor of plaintiff and against defendant Tacoma Police Officers on plaintiff's claims of illegal search and seizure and the use of excessive force in the amount of $27,000.00 for compensatory damages and $111,000.00 for punitive damages.

2. In support of the motion, plaintiff has filed the Declarations of Hugh J. McGavick, Stephen A. Teller, Jeffrey L. Needle, Paul A. Lindenmuth, Fred Diamondstone, William F. Dippolito, and Artis C. Grant, Jr. In Opposition to the motion defendants have filed a Memorandum, the Affidavit of Jean P.

Homan, and the Declarations of Jon E. Cushman, Robert W. Novasky, Joseph H. Diaz, and Elizabeth A. Pauli.

3. As the prevailing party, plaintiff is entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1983. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

4. Basic guidelines to be considered in awarding attorneys' fees are set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) and *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986).

5. The court in *Chalmers* analyzed two United States Supreme Court decisions: *Hensley v. Eckerhart*, 461 U.S. 424 (1983) and *Blum v. Stenson*, 465 U.S. 886 (1984) and found that: a) the initial determination of reasonable attorneys' fees is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate; b) counsel must submit detailed time records justifying the time expended which may be reduced by the Court if the documentation is inadequate, if the case was overstaffed and hours are duplicated, and if the hours expended were excessive or unnecessary; and c) the Court must determine a reasonable hourly rate taking into consideration the experience, skill, and reputation of the attorney requesting the fees. *Chalmers*, 796 F.2d at 1210.

6. Plaintiff requests fees for Hugh J. McGavick for 290.5 hours expended for preparation and trial of this matter. She also requests compensation for William F. Dippolito for 15.5 hours expended in C03-5483RBL (the original case filed in this Court and later dismissed), and for 6.5 hours expended by Jeffrey L. Needle, Paul A. Lindenmuth, and Fred Diamondstone in preparing declarations in support of plaintiff's motion for attorneys' fees.

7. The defendants do not challenge the hours expended by Mr. McGavick (except as to the minimal hours expended so far on appeal), Mr. Needle, Mr. Lindenmuth, or Mr. Diamondstone. Defendants do, however, challenge the hours expended by Mr. Dippolito and argue that Mr. Dippolito should not be compensated at all for his work done on the prior dismissed case.

8. The Court finds that the hours expended by Mr. McGavick on the preparation and trial of this matter were reasonable taking into consideration the *Kerr* factors. The Court will, however, deduct 1.5 hours from the hours to be compensated as time spent on the defendants' appeal.

9. Mr. Dippolito originally filed this action in this Court. The action was dismissed when it

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 2

became apparent that Mr. Dippolito would be a witness in the proceeding, and Mr. McGavick refiled the action in plaintiff's behalf in state court which was thereafter removed to this Court. The Court will find that plaintiff is not entitled to attorneys' fees for the 15.5 hours expended by Mr. Dippolito in the original action.

10. Plaintiff requests compensation for all her attorneys at the rate of $300.00 per hour.

11. The defendant objects to this hourly rate as to Mr. McGavick and argues that the prevailing market rate for attorneys with Mr. McGavick's experience, skill, and reputation is $200.00 per hour. The market defendants rely upon is Tacoma, Washington and southward.

12. The Court finds that the relevant market upon which to base the reasonable hourly rate is the Western District of Washington (including Seattle) and based upon the declarations submitted in support of the motion finds that $300.00 is a reasonable hourly rate taking into account Mr. McGavick's experience, skill, and reputation in representing plaintiffs in civil rights litigation.

13. The reasonable hours expended multiplied by a reasonable hourly rate is therefore:

```
Hugh J. McGavick     289.00 hours x $300.00 = $86,700.00
Jeffrey L. Needle      1.50 hours x $300.00 =     450.00
Paul A. Lindenmuth     3.00 hours x $300.00 =     900.00
Fred Diamondstone      2.00 hours x $300.00 =     600.00

Totals              295.50 hours              $88,650.00
```

From the foregoing Findings of Fact the Court hereby enters the following:

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988.

2. Plaintiff was the prevailing party.

3. Plaintiff is entitled to reasonable attorneys' fees as follows:

```
Hugh J. McGavick     289.00 hours x $300.00 = $86,700.00
Jeffrey L. Needle      1.50 hours x $300.00 =     450.00
Paul A. Lindenmuth     3.00 hours x $300.00 =     900.00
Fred Diamondstone      2.00 hours x $300.00 =     600.00

                    TOTAL                    $88,650.00
```

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3

1     The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

    Dated this 6th day of June, 2005.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4